IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOSHUA SHANE MARSING,                          Civ. No. 1:07-CV-00705-CL

               Petitioner,

                                     REPORT & RECOMMENDATION

     v.

BRIAN BELLEQUE, Superintendent, Oregon
State Penitentiary,

              Respondent.

_____

CLARKE, Magistrate Judge.

     Petitioner Joshua Marsing ("Petitioner"), an inmate in the custody of the Oregon Department of Corrections, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because many of Petitioner's claims are inexcusably defaulted and his properly exhausted claims do not meet the standards for habeas relief, Petitioner's petition (#21) should be DENIED.

## BACKGROUND

     In 1998, a Clackamas County jury convicted Petitioner of eight counts of Sexual Abuse in the First Degree, five counts of Sodomy in the Second Degree, one count of Rape in the Second Degree, and one count of Attempted Rape in the Second Degree for repeatedly sexually

abusing a minor female ("victim"). Answer Ex. 119. The trial court found the above-listed crimes committed on separate dates were not part of a single criminal episodes as defined by Or. Rev. Stat. § 131.505. Answer Ex. 132. On the basis of that finding, the trial court imposed concurrent and consecutive sentences totaling to 525 months imprisonment. Answer Ex. 120, 132.

Petitioner directly appealed his convictions, asserting one assignment of error: "The trial court erred by failing to exclude the victim's hearsay statements recited from her written chronology of events." Answer Ex. 103. The Oregon Court of Appeals affirmed without opinion. Answer Ex. 107. The Oregon Supreme Court denied review. Answer Ex. 106.

Petitioner filed a post-conviction petition asserting two grounds for relief. Answer Ex. 108. First, Petitioner argued his trial counsel did not provide effective assistance when:

(A) Counsel failed to adequately file, present or argue the following motions to the court:
1. A motion to Sever the Charges for separate trials. Petitioner alleges that counsel instead filed a Demurrer to the Indictment which was subsequently denied because it was inappropriately filed;
2. A Motion to Continue Trial so that counsel could adequately prepare to file appropriate motions;
3. A Motion for Judgment of Acquittal on Counts one (1), two (2), and four (4) based on the argument that the state had not established that Petitioner had subjected the alleged victim to criminal acts as alleged in the Indictment.
(B) Counsel failed to contact, investigate and call as a witness, potential alibi witnesses including the following: Tristen Kently, Josephine Kently and Maria Lackey;
(C) Failed to file a jury waiver, when Petitioner had signed the waiver and wanted to proceed with a bench trial;
(D) Failed to cross-examine or recall Jennifer White to inquire to the issue of her prior contact with boys at school.
(E) Failed to make timely objections on the record, including but not limited to the following:
1. The court's allowance of the reading of a written recorded recollection into the record by the alleged victim.
2. Failing to object to the prosecution bringing into court a large box of video tapes during Officer Harris' testimony when only two tapes

were offered into evidence. Petitioner alleges that the jury was unduly prejudiced in that the prosecution was inferring that all of the tapes were pornographic in nature.

(F) Failed to call character witnesses to mitigate Petitioner's potential sentence;

(G) Failed to adequately present and argue merger of sentences pursuant to ORS 161.067(1).

(H) Failed to investigate and present the evaluation and C.A.R.E.S. videotape made of the alleged victim at Emanuel Hospital, which was exculpatory evidence.

Answer Ex. 108. In a subsequent trial memorandum, petitioner withdrew claim E(1), regarding counsel's alleged failure to object to the court allowing the victim to read a written recorded recollection into the record, and claim G, regarding counsel's alleged failure to argue merger of sentences. Answer Ex. 109.

Also in his first post-conviction petition, Petitioner asserted his appellate counsel was constitutionally deficient because:

(A) Appellate counsel failed to meet with Petitioner to discuss appeal issue and claims as well as prepare the appellate brief.

(B) Appellate counsel failed to assign as error in Petitioner's Appellate brief the following issues:
1. The trial court's determination allowing witness testimony offered on the issue of intent to commit criminal acts under OEC 404, without making a determination of weighing the probative value against the danger of unfair prejudice and presentation of cumulative evidence as required by State v. Johns and State v. Browder.
2. As error, the trial courts failure to address sentence merger pursuant to ORS 161.067(1).

Answer Ex. 108. Petitioner withdrew claims B(1) and B(2) in his trial memorandum. Answer Ex. 109.

The post-conviction court denied the petition and dismissed the action. Answer Ex. 133. Petitioner appealed, asserting a single assignment of error:

The post conviction court erred when it ruled that petitioner was not denied his constitutional rights to adequate and effective assistance of counsel at trial by counsel's failure to locate, interview and present evidence from

three defense witnesses: Tristen Cantly, Josephine Cantly, and Lorea Lackey. The post conviction court further erred when it found that petitioner was not prejudiced by trial counsel's omission because counsel called many other witnesses, who testified to the information that could have been provided by these witnesses.

Answer Ex. 134. Later, Petitioner filed a *pro se* supplemental appellate brief asserting the post-conviction court erred in its ruling regarding trial counsel's alleged failure to (1) file a motion to sever; (2) file a motion to continue; (3) file a motion for judgment of acquittal; (4) file a jury waiver; (5) recall witness Jennifer White; (6) object to the state bringing a large box of video tapes into the courtroom during trial; (7) call witnesses to mitigate his sentence; (8) object to the court's sentence; and (9) investigate and present the victim's medical examination or C.A.R.E.S. evaluation. Answer Ex. 135. Petitioner further asserted "[t]he post-conviction court erred when it ruled that petitioner was not denied his right to adequate and effective assistance of appellate counsel." Answer Ex. 135. The Court of Appeals affirmed without opinion. Answer Ex. 143. Petitioner petitioned the Oregon Supreme Court to review the post-conviction relief appeal, framing the question presented as "Did trial counsel fail to adequately and effectively represent petitioner when counsel failed to contact, investigate and call as potential defense witnesses: Tristen Cantly, Josephine Cantly, and Lorea Lackey?" Answer Ex. 137. Thereafter, Petitioner filed a *pro se* supplemental petition for review raising other claims from his post-conviction petition as well as some additional claims of error. Answer Ex. 138. The Supreme Court considered the petitions and ordered their denial. Answer Ex. 141.

In 2005, Petitioner filed a second petition for post-conviction relief asserting, among other claims, that he was denied due process when the trial judge made findings of fact during sentencing. Answer Ex. 147, 149. Petitioner explained he could not reasonably have raised the issue in his original post-conviction petition because the U.S. Supreme Court had not yet issued

precedent giving rise to the claim. Answer Ex. 147. Respondent moved for summary judgment, arguing the petition was time-barred and successive. Answer Ex. 148, 150. The post-conviction court granted the motion and dismissed the action with prejudice. Answer Ex. 152-54. The Court of Appeals affirmed without opinion. Answer Ex. 160. The Supreme Court denied review. Answer Ex. 159.

## DISCUSSION

Petitioner's amended petition (#21) asserts four grounds for relief: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) "factual findings for sentencing not made by the jury beyond a reasonable doubt," and (4) "due process violation for failure to follow state law, improper bolstering, and exaggerating credibility of witness testimony."

## I.    Procedural Default

Before addressing the petition on its merits, the Court must determine whether Petitioner's claims are procedurally barred.

### A.    Legal Standards

Under 28 U.S.C. § 2254(b)(1), a federal court cannot grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State[.]" The rule of exhaustion serves the principles of comity by ensuring states have "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). A habeas petitioner satisfies the exhaustion requirement by "fairly" presenting his federal claims on direct appeal or through collateral proceedings to the highest state court with jurisdiction to consider them. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel,*

526 U.S. 838, 845 (1999). "Fair presentation requires that a state's highest court has 'a fair opportunity to consider ... and to correct [the] asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)). A habeas petitioner must have presented to the state court both the operative facts and substance of his federal habeas corpus claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Like a petitioner who fails to exhaust state remedies, a habeas petitioner who fails to meet the State's procedural requirements for presenting his federal claims deprives the state court of the opportunity to address those claims. *Coleman*, 501 U.S. at 731-32. However, technically-speaking, a petitioner who defaults his federal claims in state court meets the exhaustion requirement because state remedies are no longer "available" to him. *Id.* at 732. · The U.S. Supreme Court mandates that habeas corpus relief be denied as to procedurally defaulted claims, with some limited escape hatches, in order to prevent petitioners from using them to evade the exhaustion requirement. *Id.*; *see also Edwards v Carpenter*, 529 U.S. 446, 451 (2000).

A state prisoner procedurally defaults his available state remedies in one of two ways. First, he may fail to exhaust, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the claims procedurally barred. *Coleman*, 501 U.S. at 735 n.1; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989) (O'Connor, concurring). Also included in this category are those cases in which the petitioner presents his federal claims in a procedural posture in which the claims would not be considered absent special circumstances. *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). Absent a showing that the state court actually decided the merits of a claim raised in such a procedural context, the claim is procedurally defaulted. *See Chambers v. McDaniel*, 549 F.3d 1191, 1196-97 (9th Cir. 2008).

Second, a federal claim is procedurally defaulted if it is actually raised in state court, but explicitly rejected by the court based upon a state law. *Cone v. Bell*, 556 U.S. 449, 465 (2009). Federal habeas relief is precluded in these cases provided the state law invoked is independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 750; *Cone*, 556 U.S. at 465.

When a petitioner defaults his federal claims pursuant to an independent and adequate state procedural rule, federal habeas corpus review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. In order to demonstrate "cause," a petitioner must show that some objective factor external to the defense impeded his efforts to raise the claim in state court. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998), *cert. denied*, 525 U.S. 1073 (1999). "Prejudice," in turn, is actual harm resulting from the alleged constitutional violation. *Vickers*, 144 F.3d at 617.

B.    **Analysis**

The Oregon court did not consider the merits of Petitioner's second post-conviction petition. Rather, the court rejected the petition as successive and time-barred. Because the petition's procedural context prevented the state court from conducting substantive analysis, its claims are procedurally defaulted so long as the state's rejection was based on an independent and adequate state procedural rule. *Coleman*, 501 U.S. at 729–30. A state procedural rule is "adequate" for purposes of preclusion if it is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005), *cert. denied*, 547 U.S. 1013 (2006). A state procedural rule is "independent" for purposes of preclusion if it is not interwoven with federal law and the state court explicitly invoked the

rule as the basis for its decision. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). Where a respondent pleads the existence of an independent and adequate state procedural rule as an affirmative defense, the burden shifts to the petitioner to assert specific factual allegations that demonstrate the inadequacy of the state rule. If the petitioner satisfies this burden, the respondent bears the ultimate burden of proving the rule bars federal review. *Collier*, 408 F.3d at 1284; *Bennett*, 322 F.3d at 586.

The state post-conviction court found that Petitioner's second petition was untimely and did not fall within the statutory exception to applicable deadlines. Under Or. Rev. Stat. § 138.510(3)(a), a petition for post-conviction relief must be filed within two years of judgment if no appeal is taken, or within two years of final appeal if appeal is taken. These timeframes may be extended where "the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." Or. Rev. Stat. § 138.510(3)(a). Petitioner has not alleged any facts or presented any arguments to indicate that this rule was unclear, inconsistent, or anything other than well-established. There is nothing to suggest the state did not consistently apply the procedural bar to similarly situated individuals such that Petitioner was not on notice that he needed to raise his claims within specified timeframes. Nor has Petitioner asserted that the state law basis for the decision was in any way interwoven with federal law. Petitioner has not satisfied his burden of demonstrating the interdependence or inadequacy of the state rule that barred his second post-conviction petition. Accordingly, only the contents of Petitioner's direct appeal and first post-conviction petition are relevant for the purposes of exhaustion.[1]

### i.    First Claim for Relief: Ineffective Assistance of Trial Counsel

---

[1] The court will consider the second post-conviction petition for the limited purpose of assessing Petitioner's invocation of the savings clause for his third claim for relief.

Petitioner alleges trial counsel rendered constitutionally deficient assistance by (1) failing to file a jury waiver as requested; (2) failing to file, present, or argue (a) a motion to sever the charges and (b) a motion for continuance; (3) failing to make timely and appropriate objections to (a) the victim reading a written recorded recollection into the record and (b) the prosecution's implication that Petitioner had a large collection of pornographic videotapes when only two were offered into evidence; (4) failing to investigate and call defense witnesses; (5) failing to investigate and present (a) the C.A.R.E.S. evaluation of the victim, (b) hospital and school evaluations of the victim, and (c) records of the victim's prior psychiatric hospitalization; (6) failing to recall a witness to provide exculpatory evidence after the victim testified; (7) failing to investigate and call character witnesses at sentencing; and (8) failing to (a) argue for sentence merger and (b) properly respond to the prosecution's arguments in closing. Some of these claims are fully exhausted and properly before this court. Others are not.

In Oregon, claims of ineffective trial counsel are cognizable only in post-conviction proceedings and not on direct appeal. *See State v. Smith*, 339 Or. 515, 528 (2005). A petitioner who fails to raise a trial counsel claim in a petition for post-conviction relief waives the claim. *Hale v. Belleque*, 255 Or. App. 653, 660 (2013), *review denied*, 354 Or. 597 (2013). "Preservation principles apply in the context of post-conviction relief and, as a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." *Id.* (citing *Haney v. Schiedler*, 202 Or. App. 51, 55 (2005); *Taylor v. Hill*, 202 Or. App. 29, 32–33 (2005)). Petitioner did not raise all of his current claims against trial counsel in his first post-conviction petition. His petition did not argue that trial counsel failed to investigate or present the victim's prior hospitalization. Nor did it challenge the scope of trial counsel's closing argument. Accordingly, no state court had the opportunity to consider the merits of these claims.

*Id.* Because Petitioner waived claims 1(5)(c) and 1(8)(b) in state court, he is foreclosed from presenting them in the federal court.

Pursuant to OR. R. APP. P. 5.45(1), Oregon appellate courts will not consider any matter claimed as an error on appeal unless it is "assigned as error in the opening brief in accordance with this rule." In relevant part, the rule requires:

> (2) Each assignment of error shall be separately stated under a numbered heading. The arrangement and form of assignments of error, together with reference to pages of the record, should conform to the illustrations in Appendix 5.45.
> (3) Each assignment of error shall identify precisely the legal, procedural, factual, or other ruling that is being challenged.

OR. R. APP. P. 5.45. Petitioner did not raise claim 1(3)(a), regarding the victim's reading of a written recollection, or claim 1(8)(a), regarding sentence merger, as individual assignments of error in either of his first post-conviction appellate briefs. By failing to comply with state procedural rules, Petitioner did not present his claims in a manner that gave the highest state court the full opportunity to consider their merits. Moreover, Petitioner did not give the post-conviction trial court the chance to evaluate the claims either. Petitioner withdrew both claims in his post-conviction trial memorandum. Because the state court did not have the fair opportunity to consider claims 1(3)(a) and 1(8)(a), the federal court is now barred from doing so.

Petitioner raised his remaining claims against trial counsel in his first post-conviction petition and carried them forward on appeal to the Oregon Court of Appeals and Supreme Court. Accordingly, claims 1(1), 1(2)(a), 1(2)(b), 1(3)(b), 1(4), 1(5)(a), 1(5)(b), 1(6), and 1(7) are properly exhausted.

### ii.    Second Claim for Relief: Ineffective Assistance of Appellate Counsel

Petitioner alleges he did not receive effective assistance of appellate counsel when appellate counsel failed to assign error to (1) the trial court's failure to address sentence merger

under Or. Rev. Stat. § 161.067(1); (2) the trial court's admission of testimony on the events of November 14 as "intent to commit criminal acts;" (3) the trial court's allowance of hearsay testimony regarding intent to commit criminal acts; (4) the due process violation that resulted when the trial court allowed the victim to read her written recorded recollection into the record; and (5) the trial court's denial of trial counsel's motion for a continuance to locate and produce three witnesses. All five claims against appellate counsel are procedurally defaulted.

Under Oregon law, post-conviction relief is available only for claims alleged in a post-conviction petition. Or. Rev. Stat. § 138.550(3) ("All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition"); *Bowen v. Johnson*, 166 Or. App. 89, 92-93 (2000). Indeed, "any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." Or. Rev. Stat. § 138.550(3). Petitioner failed to raise claims 3, 4, or 5 against appellate counsel in his first post-conviction petition. Because of this omission, the state court did not have the opportunity to address the claims' merits. The federal court is now barred from doing so.

Petitioner raised his first and second claims in his post-conviction petition but only generally referenced them in his assignment of errors on appeal. In doing so, Petitioner failed to satisfy OR. R. APP. P. 5.45(3)'s requirement that all assignments of error "identify precisely" what ruling is being challenged. Furthermore, Petitioner withdrew both claims from the post-conviction court's review in his trial memorandum. Accordingly, the claims were not properly raised or preserved in the lower state court. OR. R. APP. P. 5.45(4). They are now procedurally defaulted.

### iii.    Third Claim for Relief: Sentencing Violation

Petitioner alleges his sentence violates the Sixth and Fourteenth Amendments because the trial court imposed consecutive sentences based on judicial fact-finding. Petitioner defaulted this claim when did not raise it on direct appeal. When a state "mandate[s] a particular procedure to be used to the exclusion of other avenues of seeking relief," a petitioner must fully exhaust the correct avenue. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). In Oregon, most trial errors must be raised on direct appeal. *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). Post-conviction relief is precluded for trial errors that a petitioner fails to directly appeal. *Hunter v. Maass*, 106 Or. App. 438, 441 (1991) ("waiver of the right to have an issue reviewed on appeal precludes post-conviction relief as to that issue") (citing ORS 138.540(1)). To avoid this rule's application, a petitioner must allege and prove that the failure was due to one or more of a few narrowly drawn exceptions. *Palmer v. State*, 318 Or. 352, 358 (1994).

> The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right. Also, the failure to assert the right would not be a bar where counsel was incompetent or was guilty of bad faith.

*North v. Cupp*, 254 Or. 451, 456-57 (1969), *cert. den.*, 397 U.S. 1054 (1970).

In his second post-conviction petition, Petitioner invoked this escape clause, arguing that he could not reasonably have expected the rule announced in *Blakely v. Washington*, 542 U.S. 296 (2004), at the time of his direct appeal. Answer Ex. 147. The post-conviction court expressly rejected Petitioner's argument, finding that the petition was time-barred, successive, and could not "be saved by the language of the 'savings' clause." Answer Ex. 152. Due to the petition's

procedural defects, the state did not consider the merits of Petitioner's claim. Answer Ex. 153. Now, the federal court is similarly barred. *See Coleman*, 501 U.S. at 732.

It is unclear to what extent, if any, Petitioner relies on *Blakely* to support his current habeas claims. However, the court notes that any such reliance is misplaced. *See Scott v. Ryder*, 327 Fed. Appx. 15, 16-17 (9th Cir. 2009). Petitioner was sentenced in 1999 and the Oregon Supreme Court denied review in 2001. Answer Ex. 101, 106. *Blakely* does not apply retroactively to convictions, like Petitioner's, that became final prior to its publication in 2004. *Schardt v. Payne*, 414 F.3d 1025, 1027 (9th Cir. 2005), *cert. denied,* 547 U.S. 1161 (2006).

### iv.    Fourth Claim for Relief: Trial Court's Due Process Violation

Petitioner alleges the trial court violated the Fourteenth Amendment by allowing the victim to read her written recorded recollection into the record. Petitioner raised a similar claim on direct appeal, arguing that the reading was not permissible under state evidentiary rules. Answer Ex. 103. However, Petitioner's appeal did not reference any federal laws or rights. As such, Petitioner failed to present an adequate legal basis for his federal claim in state court. *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010) (to exhaust a claim at the state level, a petitioner must reference specific federal case law or constitutional provisions and provide a statement of facts entitling him to relief). Because Petitioner did not raise his due process right to the Oregon courts, his federal claim regarding the violation of that right is procedurally defaulted.

### v.    Cause and Prejudice

Federal habeas review is barred as to Petitioner's procedurally defaulted claims unless Petitioner can demonstrate cause for the procedural default and actual prejudice, or show that the court's failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750. Petitioner invokes the first option in regards to his defaulted claims of ineffective assistance of trial and appellate counsel.[2] Citing to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), Petitioner argues that he defaulted the claims because of his post-conviction counsel's inadequate assistance. In *Martinez*, the U.S. Supreme Court reaffirmed its general holding in *Coleman* — that an attorney's negligence in a post-conviction proceeding does not establish cause — while announcing a "narrow exception:"

> Where under state law, claims of ineffective assistance of trial counsel[3] must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320. Under *Martinez*, Petitioner may be able to establish cause for the default of his ineffective assistance of counsel claims because Oregon law required Petitioner to raise the claims in a collateral, post-conviction proceeding. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 863 (2013); *State v. Robinson*, 25 Or. App. 675 (1976) (except in rare instances, the issue of incompetent trial counsel can be properly resolved only in a post-conviction proceeding).

To determine whether Petitioner's defaults should be excused under *Martinez*, this court must determine whether:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

---

[2] Petitioner does not offer any arguments to excuse his third and fourth claims for relief.

[3] *Martinez* applies to the failure to raise claims of ineffective assistance of appellate counsel as well as trial counsel. *Hurles v. Ryan*, 752 F.3d 768, 781 (9th Cir. 2014) (citing *Nguyen v. Curry*, 736 F.3d 1287, 1289 (9th Cir. 2013)).

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (citing *Martinez,* 132 S.Ct. at 1318–1319, 1320–1321). Only the first two prongs are in dispute. Together, they require Petitioner to (1) establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that . . . the claim has some merit" and (2) establish that post-conviction counsel was ineffective under the standards of *Strickland. Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) (quoting *Martinez*, 132 S.Ct. at 1318). To show substantiality, Petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). To establish that counsel performed deficiently under *Strickland*, Petitioner must overcome the strong presumption that counsel acted within the wide range of reasonable professional assistance to show that counsel's representation fell below an objective standard of reasonableness. *Premo v. Moore*, 131 S.Ct. 733, 739 (2011). In addition, Petitioner must establish a reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.*

The substantiality and post-conviction counsel ineffectiveness inquiries are interwoven. *Clabourne*, 745 F.3d at 377 ("There is, to be sure, overlap between the two requirements."). To establish that post-conviction counsel was ineffective, Petitioner must show that trial and appellate counsel were likewise ineffective, and that post-conviction counsel's failure to raise their ineffectiveness in the post-conviction proceeding fell below an objective standard of reasonableness. *Sexton*, 679 F.3d at 1159. "If the claim of ineffective assistance of trial counsel is implausible, then there could not be a reasonable probability that the result of post-conviction proceedings would have been different." *Clabourne*, 745 F.3d at 377. Thus, in order to assess

post-conviction counsel's performance, the court must first consider whether Petitioner's claims against trial and appellate counsel are substantial — whether they have some merit — under *Strickland*'s two-pronged standard for ineffective assistance of counsel. *Sexton*, 679 F.3d at 1159; *Foster v. Oregon*, No. 03:06-CV-689-ST, 2012 WL 3763543, at *2 (D. Or. Aug. 29, 2012).

Petitioner invokes *Martinez* to excuse procedural default for the two ineffective assistance of trial counsel claims that post-conviction counsel withdrew.[4] These claims assert that trial counsel failed to (1) make a timely and appropriate objection to the victim reading a written recorded recollection into the record and (2) effectively argue for merger of sentences. Regarding the first claim, Petitioner argues that trial counsel did not properly object when the victim read a log of her interactions with Petitioner into the record despite evidence that the log was the product of coercion. Petitioner concedes that trial counsel objected to the log on multiple grounds and cross-examined the victim regarding the circumstances under which the log was made. Pet'r's Br., at 8, 14. However, regardless of these efforts, Petitioner asserts counsel's representation fell below an objective standard of reasonableness because counsel did not specifically object on Fourteenth Amendment grounds.

It is true that a party fails to preserve an evidentiary issue for appeal by failing to make a specific objection. *U.S. v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) (internal citations omitted). Because trial counsel did not assert a constitutional basis for the objection at trial, no constitutional claim was preserved for the Oregon appellate courts' review. *See State v.*

---

[4] Neither Petitioner's brief in support of his habeas petition, nor his *pro se* supplemental brief, attempt to excuse the other two claims of ineffective assistance of trial counsel that were defaulted when Petitioner did not raise them in his post-conviction petition. Accordingly, the court will not assess their cause or prejudice. *See Renderos v. Ryan*, 469 F.3d 788, 800 (9th Cir. 2006) (deeming issues to be waived where petitioner did not attempt to set forth or meet applicable legal standards).

*Castrejon*, 317 Or. 202, 208-12 (1993) (because the constitutional sufficiency of the jury instruction was not raised at trial, the claim that the court violated defendant's federal due process rights in instructing the jury was not preserved). However, the law does not require trial counsel to raise every available ground for objection. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success"); *Sexton*, 679 F.3d at 1157 ("[c]ounsel is not necessarily ineffective for failing to raise even a nonfrivolous claim").

Under *Strickland*, counsel's representation need not be flawless or highly skilled in order to be deemed effective. *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000). Rather, it must only be objectively reasonable. *Id.* Petitioner has not presented a substantial claim that trial counsel's performance fell below this low threshold. The record shows that trial counsel objected to the log on multiple grounds, arguing that it was cumulative, only permissible to refresh the victim's memory, and unduly prejudicial. Trial Tr., at 608. Counsel cross-examined the victim extensively regarding the context in which she created the log. Trial Tr., at 650-56. Specifically, counsel asked the victim who had asked her about her sexual contact with Petitioner, how many times they had asked, what medications the victim was on, the duration of her hospitalization, and whether she felt that she would not be released until she admitted to having sexual contact with Petitioner. *Id.* In her closing argument, counsel suggested to the jury that "perhaps, as [the victim] told you, saying that these things happened between herself and [Petitioner] was the only way that she thought she could get out of custody." Trial Tr., at 907. Counsel asked the jury to "compare the testimony [the victim] gave to you just from her memory to the testimony that she read to you" and to take any discrepancies between the two into consideration. Trial Tr., at 909.

Against this record, Petitioner's claim that counsel was deficient in her treatment of the log is insubstantial.

Even if reasonable jurists could argue that trial counsel acted deficiently, Petitioner still fails to meet the first *Martinez* prong because he has not established prejudice. To do so, Petitioner must show a reasonable probability that but for counsel's failure to assert the additional ground for objection, the result of the guilt phase would have been different. *Hurles*, 752 F.3d at 782. Petitioner hypothesizes that if trial counsel had objected on due process grounds, the evidence would have been excluded and the result of the proceeding would have been different. This double-layered speculation is not sufficient to prove prejudice. *See Lopez v. Ryan*, 678 F.3d 1131, 1138 (9th Cir. 2012) (calling petitioner's argument that if counsel had provided an expert with more background information, the expert would have provided a more definitive opinion that would have changed the sentence a "double layer of hypothetical speculation" that did not establish prejudice). The trial judge permitted the victim to read the log into the record despite trial counsel's multiple objections. Petitioner has not shown why the trial judge would have treated a due process objection any differently. Furthermore, Petitioner has not shown that the evidence against him would have lessened to any noteworthy degree if the victim had not read the log into the record. The victim testified in detail about Petitioner's sexual abuse without reference to the log. Trial Tr., at 543-79. Petitioner concedes the victim's testimony and the log's contents were "fairly duplicative." Pet'r's Br., at 15. Thus, there is no reasonable probability that a due process objection would have altered Petitioner's conviction or sentence. Petitioner's claim is insubstantial and unworthy of further pursuit. *See Miller-El*, 537 U.S. at 336.

Petitioner's briefing makes no attempt to establish the substantiality of his claim that trial counsel ineffectively argued for merger of sentences. Instead, Petitioner generally invokes *Martinez* in opposition to post-conviction counsel's withdrawal of this claim. Since Petitioner offers no argumentation in support of the claim's satisfaction of *Martinez*'s legal standard, the claim is deemed waived. *Renderos*, 469 F.3d at 800; *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (petitioner waived issues he failed to argue).

Regarding his defaulted ineffective appellate counsel claims, Petitioner argues that, at all levels, appellate counsel failed to properly present or preserve his claims. *Strickland* applies to claims against appellate counsel just as it does to claims against trial counsel. Petitioner must show that his appellate attorney failed to raise an issue obvious from the trial record that probably would have resulted in reversal. *See Miller v. Keeney*, 882 F.2d 1428, 1434 n.9 (9th Cir. 1989). Petitioner fails to do so. Petitioner does not offer any evidence to show that the unaddressed claims were meritous. Thus, Petitioner has not met his burden of establishing appellate counsel acted unreasonably in failing to discover and raise them. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Nor has Petitioner submitted any evidence to substantiate his claim of prejudice. He has not demonstrated that there is any chance — let alone a "reasonable probability" — that he would have prevailed on appeal but for counsel's omission of certain issues. *See id.* Reasonable jurists could not debate the merits of Petitioner's claim against appellate counsel based on this sparse showing. *See Miller-El*, 537 U.S. at 336.

Petitioner also fails to meet *Martinez*'s second prong. This is not a case, like *Martinez*, in which post-conviction counsel wholly failed to raise any claims of ineffective assistance of trial counsel. *See Martinez*, 132 S.Ct. at 1314 ("Despite initiating this proceeding, counsel made no claim trial counsel was ineffective and later filed a statement asserting she could find no

colorable claims at all."). In fact, the post-conviction proceeding focused entirely on claims against trial and appellate counsel. Answer Ex. 132. Petitioner has not established that post-conviction counsel was deficient in withdrawing some of those claims. Indeed, the U.S. Supreme Court has characterized the process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail" as "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)). It was reasonable for post-conviction counsel to identify the withdrawn claims as weak and unworthy of further focus. The claim that trial counsel failed to object to the victim reading a written recorded recollection into the record was untrue. Answer Ex. 132, at 2, 5. Trial counsel did, in fact, object. Answer Ex. 132, at 5. Though counsel could have narrowed the claim to assert that trial counsel was deficient for failing to object on a specific ground, rather than withdrawing the claim in its entirety, counsel is "not necessarily ineffective for failing" to do so. *Sexton*, 679 F.3d at 1157. Similarly, it was reasonable for post-conviction counsel to withdraw its claims that trial and appellate counsel should have argued for merger of sentences. The post-conviction court noted that such an argument would not have reduced Petitioner's sentence given the trial court's explicit finding that petitioner's conduct on separate dates was not part of a single criminal episode. Answer Ex. 132, at 8. Petitioner does not come close to overcoming the presumption that post-conviction counsel made reasonable strategic decisions regarding which claims of ineffective assistance to raise and which to discard. *See Murray*, 477 U.S. at 536. Accordingly, Petitioner's procedural default should not be excused.

Because Petitioner has made no showing as to what evidence he could develop in an evidentiary hearing to support his claims, his request for an evidentiary hearing should be denied. *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003) (hearing unnecessary when petitioner

failed to establish that a hearing would produce evidence more reliable or more probative than that already before the court).

### C.    Summary

Petitioner raises four general grounds for relief: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) factual findings for sentencing not made by jury beyond a reasonable doubt, and (4) due process violation for failure to follow state law, improper bolstering, and exaggerating credibility of witness testimony. Petitioner asserts multiple claims within his first ground for relief regarding trial counsel. The Oregon courts did not have a full and fair opportunity to address four of these specific claims: 1(3)(a), 1(5)(c), 1(8)(a), and 1(8)(b). Nor did Petitioner adequately present his second, third, or fourth grounds for relief to the state court. Petitioner has not established that he is entitled to either the cause and prejudice or fundamental miscarriage of justice exceptions to the exhaustion requirement. Accordingly, this court is procedurally barred from considering these claims. Petitioner adequately exhausted the remaining claims within his first ground for relief and they are properly before this court.

## II.    Merits of Petition

The court proceeds to the merits of Petitioner's properly exhausted claims.

### A.    Legal Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's findings

of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is considered "contrary to" established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Instead, habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413). "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

### B.    Analysis

Petitioner asserts the Oregon post-conviction court's dismissal of his ineffective assistance of trial counsel claims runs contrary to established federal law. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. The Supreme Court's ruling in *Strickland v. Washington*, 466 U.S. 668 (1984) sets forth the "clearly established federal

law" governing claims alleging ineffective assistance of counsel. *Williams*, 529 U.S. at 390.

Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, Petitioner must show

that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his

defense. *Strickland*, 466 U.S. at 687; *Williams*, 529 U.S. at 390.

To prove deficiency of performance, a petitioner must demonstrate that counsel's

performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.

There is a strong presumption that counsel's conduct falls within a wide range of reasonable

professional assistance. *Id.* at 689. This presumption is even stronger when *Strickland* is applied

in tandem with § 2254(d). *Harrington*, 131 S. Ct. at 778 (noting it is "even more difficult" to

establish the state's application of *Strickland* was unreasonable under § 2254(d) because both

standards are "highly deferential"). "The question under § 2254(d) is not whether counsel's

actions were reasonable, but whether there is <u>any</u> reasonable argument that counsel satisfied

*Strickland*'s deferential standard." *Id.* (emphasis added). "§ 2254(d) requires a habeas court to

determine what arguments or theories supported, or could have supported the state decision; and

then to ask whether it is possible fair-minded jurists could disagree that those arguments or

theories are inconsistent with a prior decision of [the U.S. Supreme] Court." *Id.*

This court need not theorize what reasonable arguments could have supported the state's

decision because the state court itself gave a sufficient basis for its ruling. The Oregon post-

conviction court found "Petitioner did not prove any of his claims by a preponderance of the

evidence. Rather, this court finds specifically that trial counsel . . . provided petitioner with

adequate representation." Answer Ex. 132, at 8. In support of its conclusion, the court made

numerous specific findings of fact and conclusions of law, all of which are reasonable and

entitled to deference. *See Harrington*, 562 U.S. at 778.

### i.    Claim 1(1): Jury Waiver

First, as to Petitioner's claim that "[t]rial counsel failed to file a jury waiver when petitioner had signed the waiver and wanted to proceed with a bench trial," the post-conviction court noted that petitioner's deposition on the topic was in direct conflict with trial counsel's affidavit. The court assessed both parties' credibility and found "trial counsel to be credible and Petitioner not credible." Answer Ex. 132, at 5. Petitioner has not offered any evidence, let alone clear and convincing evidence, to indicate that the court's credibility determination was incorrect or the resulting decision was unreasonable. *See Miller-El*, 537 U.S. at 340. Accordingly, the state's rejection of this claim should be upheld.

### ii.    Claims 1(2)(a) and 1(2)(b): Motions to Sever and Continue

Next, Petitioner claims trial counsel was deficient in failing to file, present, or argue a motion to sever and a motion to continue. Contrary to Petitioner's allegations, the post-conviction court found that trial counsel had "reasonably and adequately" argued that Petitioner's charges should be severed for separate trials. Answer Ex. 132, at 4, 7. As to the motion to continue, the court found "Petitioner failed to prove that trial counsel Steele should have asked the trial court for a continuance or needed to file additional pre-trial motions." Answer Ex. 132, at 4. These findings reasonably support the trial court's decision that counsel satisfied *Strickland*'s deferential standard. *See Carrera v. Ayers*, 670 F.3d 938, 951 (9th Cir. 2011) (denying *Strickland* claim regarding failure to make a motion based on the presence of "some" reasons for refraining from doing so). Petitioner has not offered any evidence to rebut them. 28 U.S.C. § 2254(e)(1). Accordingly, the state court's determination should be upheld and relief on these claims should be denied.

### iii.    Claim 1(3)(b): Objection to Videotape Box

Third, the Oregon court denied relief on Petitioner's claim that trial counsel failed to object to the "prosecution bringing into court a large box of videotapes and implying that all of the tapes were pornographic in nature, when only two were offered into evidence." In an opinion letter incorporated by reference into the state court's Findings of Fact and Conclusions of Law, the court noted that "nearly all of the videotapes seized from petitioner's apartment did include pornographic content." Answer Ex. 131. Thus, even if the jury inferred that Petitioner had a sizeable pornography collection, this inference "would not have been mistaken." Answer Ex. 131. Moreover, the court noted that trial counsel would have "committed a tactical error" if she had made the objection suggested by Petitioner because "[s]uch an objection might well have opened the door for the state to introduce the full extent of the pornographic content of the videotapes which were seized from petitioner's apartment." Answer Ex. 131. Petitioner has not rebutted the factual findings underlying the court's commentary with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Because the state court reasonably concluded counsel was tactically justified in refraining from objecting to the box, relief on this claim should be denied. *See Carrera*, 670 F.3d at 948 (under *Strickland*, the court's review of tactical decisions must be highly deferential).

### iv.   Claim 1(4): Defense Witnesses

In regards to Petitioner's claim that counsel failed to investigate and call three defense witnesses, the state court noted that Petitioner's deposition testimony conflicted with trial counsel's affidavit. Answer Ex. 131. Because the court concluded that trial counsel was credible and Petitioner was not, it accepted as true trial counsel's statement that she and her investigator made reasonable efforts to locate all pertinent witnesses. Answer Ex. 121, at 3; Answer Ex. 132, at 4. Petitioner has not met his burden of rebutting the court's credibility finding. *See Miller-El*,

537 U.S. at 340. The court's conclusion is not clearly erroneous and, thus, should be upheld. *Wildman v. Johnson*, 261 F.3d 832, 837 (9th Cir. 2001) (defining a judgment as "objectively unreasonable" when it is clearly erroneous).

### v.    Claims 1(5)(a) and 1(5)(b): Victim Evaluations

The post-conviction court denied relief on Petitioner's claim that trial counsel failed to investigate and present evaluations of the victim because Petitioner "failed to provide any evidence that the victim was ever interviewed" or assessed by the noted facilities. Answer Ex. 132, at 6. Petitioner continues to contend that an evaluation was performed and "gathered but never surrendered." Pet'r's *Pro Se* Br., at 14. However, there is no evidence in the record to support this allegation. Moreover, Petitioner offers no evidence to suggest that the alleged evaluation would have benefitted the defense. *See Dows*, 211 F.3d at 486. The state court's rejection of this claim was entirely reasonable given the lack of any evidence of ineffectiveness or prejudice. *See id.* Federal relief should be denied.

### vi.    Claim 1(6): Recall Witness

The Oregon court found counsel "exercised reasonable trial strategy" when she decided not to recall a witness to raise issues regarding the victim's conduct toward boys at school. Answer Ex. 132, at 7. Specifically, trial counsel testified in an affidavit that she did not find it necessary to explore the issue given the victim's in-depth testimony and the lack of any indication that the victim had made "claims, whether true or false, about sexual activity with boys at school." Answer Ex. 121, at 4. Moreover, the court noted that Petitioner had not provided any evidence to indicate what the witness would have testified had she been recalled. Answer Ex. 132, at 5. Based on these findings, it was reasonable for the court to conclude that counsel made a reasonable strategic choice that did not unduly prejudice Petitioner. *See Strickland*, 466

U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system require deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."). Relief on this basis should be denied.

### vii.    Claim 1(7): Character Witness

Finally, the state court concluded trial counsel was reasonable in not calling character witnesses to speak on Petitioner's behalf at sentencing. In support of this conclusion, the court made the following findings of fact: (1) Petitioner did not ask trial counsel to call any particular witnesses to speak on his behalf, (2) Petitioner's family refused to speak at sentencing, (3) counsel chose not to introduce character witnesses because it would have afforded the state the opportunity to delve more into Petitioner's history of child sex abuse, and (4) Petitioner failed to show what statements character witnesses would have made if called. Answer Ex. 132, at 5-6. On these facts, there is little question, even without the strong presumption of adequate performance, that trial counsel exercised reasonable professional judgment. *See Strickland*, 466 U.S. at 699. Petitioner's claim is even less meritous with respect to the prejudice prong. Petitioner has made no showing that a character witness' testimony would have altered his sentence in any way. *Id.* at 699-700. Accordingly, the state court reasonably rejected the claim and habeas relief should be denied.

## RECOMMENDATION

For the reasons stated above, the amended petition (#21) should be DENIED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See*

FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of September 2014.

MARK D. CLARKE
United States Magistrate Judge